# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01919-MSK-NYW

JAMES DAWSON,

      Plaintiff,

v.

JOHN SUTHERS,[1]

      Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Nina Y. Wang

This action comes before the court on Defendant John Suthers' (also "Defendant," "Mr. Suthers," or "Attorney General Suthers"), filed on September 22, 2015 [#11] ("Motion to Dismiss"). Pursuant to the Order Referring Case dated August 1, 2014 [#8], the Memorandum dated October 2, 2014 [#13], and the Reassignment dated February 10, 2015 [#20], the Motion to Dismiss is before this Magistrate Judge. The court has reviewed the operative Complaint [#1] in this matter, the Motion to Dismiss, Plaintiff James Dawson's Response [#18] (the "Response" or "Opposition"), Defendant's Reply [#19], the associated exhibits, the case file in the instant action, and the applicable case law. Finding that oral argument would not materially assist in its

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Cynthia Coffmann is automatically substituted as a party in this action as Defendant Suthers' successor to the office of Colorado Attorney General for claims asserted against Defendants Suthers in his official capacity. Fed. R. Civ. P. 25(d). The court may order such substitution at any time, but the absence of such an order does not affect the substitution. *Id.* To the extent that the claims against Defendant Suthers in his official capacity are not dismissed, the undersigned recommends that Cynthia Coffman be substituted as defendant for those claims.

disposition, the court hereby respectfully RECOMMENDS the Motion to Dismiss be GRANTED for the following reasons.

## BACKGROUND AND RELEVANT PROCEDURAL HISTORY

Plaintiff James Dawson ("Plaintiff" or "Mr. Dawson") filed his Complaint pursuant to 42 U.S.C. § 1983 on July 9, 2014. [#1]. The following is a recitation of allegations from the Complaint relevant to the disposition of the instant Motion to Dismiss that, where well-pled, the court takes as true in determining whether Plaintiff has stated any viable claim.

Plaintiff alleges that, on July 29, 1991, Denver County Judge Larry Bohnig ordered the Denver Sheriff's Department to obtain and preserve blood and urine samples from Plaintiff potentially relevant to Plaintiff's intoxication and mental impairment defenses to charges of (*inter alia*) murder in the first degree. [#1 at 4].[2] In 1992, Mr. Dawson was convicted of second degree murder, attempted second degree murder, second degree assault, and a crime of violence count. [#12 at 2]. The blood and urine samples taken were later found to be either lost or destroyed in 1992. [#1 at 4; #12 at 2]. Years later, on May 28, 2008, Governor Bill Ritter signed into law legislation entitled "Concerning Judicial Remedies When a Law Enforcement Agency Fails to Preserve Evidence That is Subject to a Judicial Order."[3] [*Id.* at 4-5].

---

[2] For ease of references, pages in the Complaint and other docket entries are referenced herein as docketed on CM/ECF.

[3] Codified at COLO. REV. STAT. § 18-1-414(2)(b). Pursuant to the underlying statutory scheme, "[a]n incarcerated person may apply to the district court in the district where the conviction was secured for DNA testing concerning the conviction and sentence the person is currently serving." COLO. REV. STAT. § 18-1-412(1). A "court granting a motion for hearing pursuant to section 18-1-412 shall order the appropriate law enforcement agency to preserve existing biological evidence for DNA testing." COLO. REV. STAT. § 18-1-414(2)(a). Should it be the case that "a law enforcement agency, through negligence, destroys, loses, or otherwise disposes of biological evidence that is the subject of an order pursuant to this subsection (2) before the evidence may be tested, the court shall set a hearing to determine whether a remedy is warranted." COLO. REV. STAT. § 18-1-414(2)(b).

Pursuant to this legislation—specifically, Colo. Rev. Stat. § 18-1-414(2)(b)—"Plaintiff filed a motion for a Judicial Remedy Hearing." [*Id.* at 6]. Mr. Dawson sought a hearing as to whether the State's loss of his blood and urine samples warranted a remedy. [*Id.*] The Denver District Court construed Colo. Rev. Stat. § 18-1-414(2)(b) to apply only in instances where a party seeks DNA testing. [*Id.*]. On appeal, Defendant (and Attorney General for the State of Colorado) John Suthers argued that the state District Court's ruling accorded with the proper construction of the statute. [*Id.*]. The Colorado Court of Appeals affirmed the Denver District Court's ruling, and the Colorado Supreme Court subsequently declined to grant certiorari. [*Id.*]

Based on Mr. Dawson's contentions that denial of a remedy hearing was in violation of his rights to due process and equal protection under the United States Constitution, Plaintiff has brought this Section 1983 suit against Mr. Suthers in his individual and official capacities, and now seeks from this court "Declaratory and Injunctive Relief of an **Order** Granting a Judicial Remedy Hearing to Him Pursuant to C.R.S. 18-1-414(2)(b). [*Id.* at 14] (emphasis in original). Mr. Dawson does not seek monetary damages. [*Id.*]

## ANALYSIS

### I.    Standard of Review

Defendant moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. [#11]. Defendant frames his jurisdictional challenges as facial attacks. A facial attack on subject matter jurisdiction questions the sufficiency of a complaint. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In reviewing such a motion, the court accepts the allegations of the complaint as true. *Id.*

Similarly, under Rule 12(b)(6), the court not only accepts as true all well-pleaded facts, but also draws all reasonable inferences in favor of plaintiff to decide whether they plausibly

entitle plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009); *accord*. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (recognizing that a plaintiff must frame a complaint with enough factual matter, when taken as true, to plausibly suggest that he or she is entitled to relief) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955 (2007)). A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A claim may be dismissed because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to state sufficient facts to establish a legally recognized claim. *Golan v. Ashcroft*, 310 F.Supp.2d 1215, 1217 (D. Colo. 2004).

While the court's analysis is typically focused on the allegations as set forth within the four corners of the complaint, the court may consider documents referred to in the complaint that are central to the claims without converting the motion to dismiss into one for summary judgment. *Grynberg v. Koch Gateway Pipline Co.*, 390 F.3d 1276, 1279 n.1 (10th Cir. 2004). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## II.    Article III Standing[4]

Defendant argues this court lacks "personal" jurisdiction over Plaintiff's Complaint because Attorney General Suthers is not a proper party to this case, but also cites cases that refer to subject matter jurisdiction. [#11 at 6]. Generally, misjoinder of parties is not a ground for dismissal. Fed. R. Civ. P. 21. However, in this case, "Plaintiff is seeking Declaratory and

---

[4] Though Defendant first discusses the statute of limitations in his Motion to Dismiss, I first consider arguments related to the jurisdiction of this court, because Plaintiff cannot proceed with the lawsuit if the court lacks jurisdiction. *See e.g., Lance v. Coffman*, 549 U.S. 437 (2007) (federal courts must determine that they have jurisdiction before proceeding to the merits).

Injunctive Relief of an **Order** Granting a Judicial Remedy Hearing to Him Pursuant to C.R.S. 18-1-414(2)(b). [#1 at 14] (emphasis in original).  Defendant contends that even if Mr. Dawson is correct, the Attorney General cannot provide the relief requested.  [#11 at 9].

Although not precisely framed as such, Defendant raises an issue of standing as to whether there is an adequate "case and controversy" to sustain federal jurisdiction.  *See Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224-25 (10th Cir. 2012) (holding that the Tenth Circuit has repeatedly characterized standing as an element of subject matter jurisdiction.) Under Article III of the United States Constitution, the plaintiff must satisfy three criteria for there to be a "case or controversy."  First, the plaintiff must have suffered an "injury in fact," *i.e.*, an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical. *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005).  Second, there must be a causal connection between the injury and the challenged action of the defendant.  *Id.*  Finally, it must be likely, not merely speculative, that a favorable judgment will redress the plaintiff's injury.  *Id.*

Plaintiff lacks standing for several reasons.  First, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."  *O'Shea v. Littleton*, 414 U.S. 488, 495–496, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Accordingly, a "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991).  Mr. Dawson alleges no facts that can be reasonably interpreted as establishing a "good chance of being likewise injured [by the defendant] in the future."  *Id.*  Second, there appears to be no causal connection between the deprivation alleged, *i.e.*, the failure to grant the hearing requested, and the actions of Defendant.  As Defendant points out, Mr. Suthers is in no

position to compel a Colorado state court to hold a judicial remedy hearing. In addition, as discussed in detail below, even if the Colorado court (an improper party in a Section 1983 litigation) or judicial officer was substituted in for Defendant Suthers, this court lacks jurisdiction to grant the relief Plaintiff seeks.

Therefore, I respectfully recommend that the instant action be dismissed for lack of subject matter jurisdiction.

### III. Application of *Rooker-Feldman* Doctrine to Plaintiff's Complaint

Defendant also argues that this action is barred by the application of the *Rooker-Feldman* doctrine. Under that doctrine, federal courts lack jurisdiction to review or modify state court judgments. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) ("*Rooker*"); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) ("*Feldman*"). The *Rooker–Feldman* doctrine is based on the statutory grant of exclusive jurisdiction to the United States Supreme Court to review decisions of the highest state courts for compliance with the federal Constitution. *See Rooker*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362; *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303, 75 L.Ed.2d 206. Under this doctrine, "lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments." *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998) ("*Gottfried*"). "This is equally true in constitutional cases brought under [42 U.S.C.] § 1983, since federal courts must give 'full faith and credit' to the judicial proceedings of state courts.'" *Gottfried*, 142 F.3d at 330 (quoting 28 U.S.C. § 1738).

Here, the heart of Plaintiff's Complaint is his disagreement with the Denver District Court ruling that he is not entitled to a judicial remedy hearing pursuant to Colo. Rev. Stat. § 18-

1-414, which was affirmed on appeal by the Colorado Court of Appeals (in an order not later disturbed by the Colorado Supreme Court). [#1 at 6]. Despite Mr. Dawson's Opposition argument to the contrary [#18 at 5], he does not challenge whether the law itself is flawed in his Complaint. [#1]. Indeed, the relief Plaintiff seeks is an order that such a "Judicial Remedy Hearing" be held "pursuant to C.R.S. 18-1-414(2)(b)," <u>not</u> invalidation of the statute. [*Id.* at 14].

Under the *Rooker-Feldman* doctrine, this court lacks jurisdiction to enter an order seeking to overturn the state court judgment directly. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005) ("*Exxon Mobil*"); *Alexander v. Lucas*, 259 Fed. App'x 145, 146-48 (10th Cir. 2007) (holding that insofar as plaintiff sought to solely challenge the state courts' application of procedural bars to dismiss his post-conviction petitions for relief, any such claims "must be dismissed on the other grounds stated by the district court—namely, pursuant to the *Rooker–Feldman* doctrine"). Mr. Dawson cannot come to this court to undo the judgment of the Colorado state courts in denying him a "Judicial Remedy Hearing." *Exxon Mobil*, 544 U.S. at 293. Appellate jurisdiction to overturn a state court judgment is vested in the United States Supreme Court pursuant to 28 U.S.C. § 1257, not this court. *Id.* at 283-84.

Accordingly, I respectfully recommend dismissing Plaintiff's Complaint on the ground that the *Rooker-Feldman* doctrine bars the stated claim for relief.

## IV.     Statute of Limitations

To the extent that the court determines that it does have subject matter jurisdiction over this action, Defendant also argues that the statute of limitations bars Plaintiff's action under 42 U.S.C. § 1983. [#11 at 4-6]. A two year limitation applies to Plaintiff's § 1983 claims. *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). "Section 1983 claims accrue, for the purpose

of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994).

Rule 12(b)(6) "is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." *Bullington v. United Air Lines Co.*, 186 F.3d 1301, 1310 n. 3 (10th Cir. 1999) (citation omitted) (overruled on other grounds as *recognized by Boyer v. Cordant Technologies*, 316 F.3d 1137, 1140 (10th Cir. 2003)). Moreover, "documents referred to in the complaint [that] are central to the plaintiff's claim" are properly considered at pleading stage if "the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002) (citation omitted). "[I]n ruling on a Rule 12(b)(6) motion to dismiss, . . . a court may properly consider facts subject to judicial notice such as court files and matters of public record." *Vaninetti v. Western Pocohontas Properties, Ltd Partnership*, No. 11–cv–02308-LTB-MEH, 2012 WL 4359302, at *2 (D. Colo. Sept. 24, 2012).[5]

Plaintiff's Complaint notes that the Denver District Court denied his request for a remedy hearing, and further alleges the District Court's Order was "affirmed on appeal." [#1 at 6]. In conjunction with his Motion to Dismiss, Defendant filed the Court of Appeals' Order. [#12]. The Colorado Court of Appeals decision affirmed the denial of a remedy hearing on the ground (among others) that the applicable statutory scheme applied only to DNA testing requests was dated October 13, 2011. [*Id.* at 1 (cover page) & 2-7]. The only reasonable inference from the

---

[5] As a general matter, a court may take judicial notice of an adjudicative fact that is both "not subject to reasonable dispute" and either: (i) "generally known within the territorial jurisdiction of the trial court"; or (ii) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Pursuant to this rule of evidence, courts have taken judicial notice of state court judicial orders. *See, e.g.*, *Gary Alan Green & Broadway Sound & Video, Inc. v. Jackson*, 36 Fed.App'x. 663, 669–70 (2d Cir. 2002) (taking judicial notice of New York state court orders in an appeal from dismissal of claims for failure to state a claim).

allegations contained in Plaintiff's Complaint and the relevant Colorado Court of Appeals order is that Plaintiff's injury—in the form of an affirmed denial of any entitlement to a remedy hearing pursuant to Colo. Rev. Stat. § 18-1-414(2)(b)—occurred and was known to Plaintiff no later than October of 2011.  Yet Plaintiff's Complaint was not filed until nearly three years later, in July of 2014.  [#1].

In his Opposition, Plaintiff does not dispute that he has been on notice of Defendant's alleged wrongdoing since October 2011, but instead asserts that the "continuing violation" doctrine tolled the statute until December 17, 2013, when the Colorado Supreme Court issued an order denying certiorari of the Colorado Court of Appeals affirmance.  [#18 at 3].   But the Supreme Court has expressly held that ordinarily, in § 1983 cases where a litigant is not seeking to invalidate his conviction, the statute of limitations does not toll during the period the litigant pursues relief in state court.  *Wallace v. Kato*, 549 U.S. 384, 396, 127 S.Ct. 1091 (2007).  And the Tenth Circuit has repeatedly held that "'the continuing wrong doctrine cannot be employed where the plaintiff's 'injury is definite and discoverable and nothing prevented plaintiff from coming forward to seek redress.'"  *Yellowbear v. Newell*, 2015 WL 4385686, at *2 (10th Cir. July 17, 2015) (not for publication) (quoting *Ute Distrib. Corp. v. Sec'y of the Interior*, 584 F.3d 1275, 1283 (10th  Cir. 2009).  Nothing in Plaintiff's Complaint or Response would suggest that the injuries he now complains of were other than "definite and discoverable" no later than October of 2011, or that anything "prevented" him from coming forward and filing suit soon thereafter.

Accordingly, should the court not be divested of subject matter jurisdiction, I recommend dismissal of Plaintiff's Complaint as untimely.

## V.      Plaintiff's Constitutional Challenges

Because this court found that the instant action is either jurisdictionally barred or is untimely, I only pass briefly upon Defendant's arguments regarding whether Plaintiff properly articulates a cognizable constitutional violation. To state a cognizable claim under 42 U.S.C. § 1983, Mr. Dawson must set forth facts that, if true, are sufficient to show that Defendant, acting under color of state law, violated a right, privilege, or immunity secured by the constitution or laws of the United States. *Hill v. Ibarra*, 954 F.2d 1516, 1520 (10th Cir. 1992). Mr. Dawson claims that his due process and equal protection rights under the Fourteenth Amendment were violated. Without engaging in an exhaustive analysis of these issues, I simply note that the case law as it stands suggests no such constitutionally protected rights. *See McDaniel v. Suthers*, 335 Fed. App'x 734 (2009) (affirming *McDaniel v. Suthers*, Civil Action no. 08-cv-00223, 2008 WL 4527697 (D. Colo. Oct. 2, 2008).

## CONCLUSION

Accordingly, for the reasons set forth herein, this court respectfully RECOMMENDS that:

(1)      Defendant John Suthers' Motion to Dismiss [#11] be GRANTED;

(2)      That Plaintiff's Complaint be DISMISSED in its entirety, without prejudice for lack of subject matter jurisdiction, or with prejudice as untimely.[6]

---

[6] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make

DATED:  August 5, 2015                    BY THE COURT:


                                          s/ Nina Y. Wang
                                          Nina Y. Wang
                                          United States Magistrate Judge

---

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on  the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d  573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52  F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's  order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs  waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418  F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).